```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

DEVON TINDLE,

    Plaintiff,

Case No. 09-cv-14826

HONORABLE STEPHEN J. MURPHY, III

v.

ARGIS XENOS, et al.,

    Defendants.

                                 /

**ORDER DENYING DEFENDANTS' MOTION TO QUASH
RETURNS OF SERVICE AND DISMISS CASE** (docket
no. 5) **AND GRANTING TINDLE'S MOTION TO EXTEND
TIME FOR SERVICE OF PROCESS** (docket no. 12)

This Order addresses a dispute over the service of process to Wayne County Sheriff's Department deputies in a federal civil rights lawsuit filed with this Court on December 11, 2009. The defendants moved the Court to quash the returns of summons filed in this case, and to dismiss the action for failure to appropriately serve the sheriff's deputies named in the complaint under Fed. R. Civ. P. 12(b)(5).[1] Devon Tindle has asked the Court to deny this motion or, in the alternative, renew the summons and extend the time for service of process pursuant to Fed. R. Civ. P. 4(m). The Court will deny the defendants' motion and grant Tindle's requested relief.

---

[1] Defendants captioned their motion as one to dismiss the case for lack of "personal jurisdiction," but this is incorrect. The two, and only two, elements of personal jurisdiction are (1) a state statute permitting the exercise of jurisdiction, and (2) "minimum contacts between the defendant and the forum state" sufficient to satisfy the Due Process Clause of the Fourteenth Amendment. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980). A court's ability to exercise personal jurisdiction over the defendants has nothing to do with the adequacy of service.

**BACKGROUND**

On February 10, 2010, counsel for Tindle enlisted Darrel Amour, a process server, to serve the sixteen sheriff's deputies listed in his complaint on an individual basis. Tindle's Resp., Docket No. 6, ¶ 13. After some inquiries, Armour was told by the sheriff's department to speak to Darnella Williams, an attorney whose official title is Counsel to the Sheriff. Amour claims in an affidavit submitted to the Court that Williams told him that "she would accept service for all of the defendants" in the case. Amour Aff., Docket No. 7, Ex. A, ¶ 5. Amour left copies of the summons and complaint with Williams, and gave the return slips to Tindle's attorney, who submitted them to the Court. *Id.*

After entering an appearance in the case, the defendants moved to quash the return of service slips and dismiss this case for failure to timely serve the defendants. The defendants assert that Williams "is a Sheriff Department employee, not an agent authorized to accept service of process for Sheriff Deputies." Defs. Mot. to Quash, Docket No. 5, at 4. In an attempt to comply with the defendants' wishes, the plaintiff's counsel enlisted another process server, Wayne Bullen, to serve process on each defendant personally. Tindle's Resp. ¶ 21. Bullen was again directed to Williams, who eventually informed him that she could not release home addresses of law enforcement personnel for service of process purposes due to safety concerns. *Id.* at ¶ 21; Bullen Aff., Docket No. 7, Ex. C, ¶ 6. The Court is informed that Bullen's request for work addresses at which to serve the defendants has been unavailing as well. Tindle's Resp. ¶ 22.

**ANALYSIS**

Tindle asks that the Court deny the defendants' motion to quash service because Jackson, the attorney for the sheriff's department, was an agent authorized to accept service on behalf of the defendants. In the alternative, Tindle argues that "good cause" has

2

been shown for his failure to serve the defendants, meriting a renewal of the summons and an extension of time for service of process under Rule 4(m). The Court agrees with the defendants that Jackson was not an authorized agent for service of process as understood by the Federal Rules, but it will grant an extension pursuant to Rule 4(m) because Tindle has successfully shown his failure to provide timely service was a result of good faith reliance on the direction of the sheriff's department, and not his own negligence in failing to prosecute this matter.

I. <u>Service of an Authorized Agent Under Rule 4(e)(2)(C)</u>

Tindle argues that Jackson, who represented herself as able to receive service of process on behalf of the defendants to this case, should be considered an "agent" authorized to receive service of process under Fed. R. Civ. P. 4(e)(2)(C). While the Court is not aware of a Sixth Circuit case addressing this particular issue, it has no difficulty concluding that service was insufficient in this case. The "authority to accept process need not be explicit, [but] it must either be express or implied from the type of relationship between defendant and the alleged agent." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, at 84–85 (2d ed. 1987). Every federal circuit that considered this issue determined that a defendant's attorney "will not be deemed an agent appointed to receive process," absent the submission of facts by the plaintiff that plainly show the defendant had a contrary intent. *Id.* at 85–86; *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . ."); *Ransom v. Brennan*, 437 F.2d 513,

518–19 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) ("The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process . . . ."). Such facts are not present in this case. Indeed, this case appears to be even further removed from standard instances where plaintiffs claim attorneys are agents for Rule 4(e)(2)(C) purposes, as it is not apparent that Jackson has an attorney-client relationship with all of the defendants. *Cf.* Mich. Comp. Laws § 691.1408 (providing that a government agency "*may* pay for, engage, or furnish the services of an attorney" if one of their employees is sued) (emphasis added).

While the Court is fully sympathetic to Tindle, who appears to have relied in good faith on Jackson's understanding and assertion of her own authority, a contrary ruling would cut harshly against the defendants, who do not appear to have expressly approved of Jackson receiving service on their behalf. *See Schwarz*, 222 F.2d at 308 ("[T]he authority to accept such service cannot be shown by the extra-judicial statements of the attorney."). The Court will therefore quash the returns of summons.

II.    Extension of Time to Serve Process Under Rule 4(m)

In the alternative, Tindle has asked for an extension of time to serve process under Rule 4(m). The Court "must extend the time for service for an appropriate period" if the plaintiff can show "good cause for the failure." Fed. R. Civ. P. 4(m). Whether or not good cause exists is a determination left to "the sound discretion of the district court," and can only be reversed for an abuse of discretion. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

4

Simply put, the facts of this case amount to a diligent plaintiff getting the "run-around." When Tindle first tried to serve the defendants, the sheriff's department represented that Jackson could accept service on behalf of the defendants. After defendants' counsel objected to this as improper, the department refused to give Tindle's process servers any information which would allow proper personal service. As a consequence, Tindle has been caught in a service-of-process "catch 22" that prevents him from having his case decided on the merits, despite active efforts to serve the defendants. Counsel for the defendants appears to be capitalizing on this confusion by pushing it as a basis for judgment, rather than attempting to resolve the issue amicably. Tindle's Mot. Extend, Docket No. 12, ¶ 4 ("[D]efense counsel indicated an intention to 'fight Plaintiff's counsel procedurally in every manner possible,' as this case progressed."). The Court accordingly finds that "good cause" has been shown under Rule 4(m), and it will issue an order extending the time to serve process and guaranteeing the cooperation of the sheriff's department.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that defendants' motion to quash service and the motion to dismiss this case for inadequate service (docket no. 5) is **GRANTED IN PART** with respect to the quashing of Tindle's return of service, and **DENIED IN PART** with respect to dismissal of the case. Moreover, Tindle's motion to extend time for service of process (docket no. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel for the defendants, within twenty (20) days from the entry of this Order, must file with the Court, under seal, the home addresses and work shift information of the defendants in this case, to give Tindle an opportunity to provide proper personal service on them. If information on particular named defendants in this case is not available to the defendants after a diligent search, this should be noted

in the submission to the Court.  Assuming a proper submission, the Court will provide the address information to the plaintiff's counsel subject to an appropriate protective order.

**IT IS FURTHER ORDERED** that Tindle shall be given sixty (60) days from the entry of this Order in which to serve the defendants properly.  Any defendants not served by that date shall be dismissed from this case without prejudice, provided defendants discharge their duty to provide the Court with the appropriate information in good faith.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to reissue summons to permit Tindle to serve the defendants.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager